IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Kyu Choi | Case No. |
| Plaintiff | COMPLAINT |
| | **Judge:** |
| v. | **Magistrate:** July Demand Requested |
| SIMM Associates, Inc.<br>800 Pencader Drive<br>Newark DE 19702 | |
| Defendant | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Kyu Choi , brings this action to secure redress from unlawful collection practices engaged in by Defendant, SIMM Associates, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.

4. Recently, the Seventh Circuit Court of Appeals in Pantoja vs. Portfolio Recovery Assocs., LLC, 15-CV-01567, (7th Cir., 2017), stated the FDCPA "prohibits a debt collector from luring debtors away from the

shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand."

5. In that same case: the Seventh Circuit Court of Appeals stated that the warning described in paragraph four, must be "clear, accessible, and unambiguous to the unsophisticated consumer." *Id.*

6. Finally, that same case held: "[S]ience about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law." *Id.*

## JURISDICTION AND VENUE

7. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

8. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff, Kyu Choi (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

10. Plaintiff's maiden name is Jennifer Sanders and Defendant has it at that.

11. Plaintiff is a resident of the State of Illinois.

12. Defendant, SIMM Associates, Inc.. ("Defendant"), is a Delaware business entity with an address of 800 Pencader Drive, Newark, Delaware 19702 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

13. Unless otherwise stated herein, the term "Defendant" shall refer to SIMM Associates, Inc..

14. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

15. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
16. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
17. By misleading that this was an active debt, Plaintiff's decision to file Chapter 7 Bankruptcy was influenced, at least in part, by Defendant's misleading action.
18. The statement in paragraph 17 gives Plaintiff standing to bring an action under the FDCPA.

### APPLICABLE CASE LAW

19. The Seventh Circuit Court of Appeals in *McMahon vs. LVNV Funding, LLC et al.*, 744 F.3d 1010 (7th Cir. 2014), has stated that "if the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable the collector has violated the FDCPA." *Id.* at 1020.
20. The Court in McMahon paid special attention to the word "settle" as a term that would make an unsophisticated consumer believe that (s)he is still legally obligated for the debt. *Id.*
21. Just recently in *Pantoja vs. Portfolio Recovery Assocs., LLC* (7th Cir., 2017), the Court of Appeals stated "[S]ilence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law."

### ALLEGATIONS

22. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $2,882.33 (the "Debt") to an original creditor (the "Creditor").
23. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to

Debt.

24. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

25. August 13, 2020, Plaintiff received an initial collection letter from Defendant. See Exhibit A.

26. Said letter states the debt was charged off on 9/15/2013. See Exhibit A.

27. No payment or promise to pay this debt has been made by the Plaintiff to the Creditor or any of its' agents since the above mentioned date.

28. Said letter goes on to state "[Y]our COMPUSA Preferred Account has been forwarded to this office for collections. This is a formal demand upon you for your payment of this debt; however we will accept an amount less than your current outstanding balance to settle the account in full." See Exhibit.

29. Said letter gives payment plan options. See Exhibit.

30. Next, said letter states "[W]e are presenting you with two options that will enable to avoid further collection activity:" See Exhibit.

31. The letter goes on to state "[B]y resolving this matter, you will make continued collection efforts unnecessary." See Exhibit.

32. The language of this letter and lack of appropriate warning about making a payment on this debt, which would restart the statute of limitations for a lawsuit, is misleading as a matter of law, per the Seventh Circuit Court of Appeals in *Pantoja*.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendant's conduct violated 15 U.S.C. Section 1692c by contacting Plaintiff even though it had actual knowledge that Plaintiff had an Attorney for this matter.

35. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.

36. Plaintiff is entitled to damages as a result of Defendant's violations.

## **JURY DEMAND**

37. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

38. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff